# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE ARKOOSH and THE PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | : | Civil No. 1:25-CV-01215<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## MEMORANDUM

Defendant United States Department of Agriculture ("USDA") sanctioned Plaintiff Pennsylvania Department of Human Services ("DHS") for allegedly mismanaging Pennsylvania's division of the Supplemental Nutrition Assistance Program ("SNAP"). (Doc. 1, ¶¶ 29–30.) DHS appealed that sanction, and a USDA Administrative Law Judge ("ALJ") denied the appeal. (Doc. 1-1, pp. 1, 23.)[1] In this case, Plaintiffs DHS and Secretary of DHS Valerie Arkoosh ("Arkoosh") (collectively, "Plaintiffs") challenge the ALJ's ruling and claim the USDA imposed the sanction on DHS in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706. (Doc. 1, ¶¶ 70–88.) They sue the United States of America, the USDA, Secretary of Agriculture Brooke Rollins, and

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

the USDA Food and Nutrition Service ("FNS") (collectively, "the United States"). (*Id.*)

The United States moves to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. 11.) For the reasons that follow, the court will deny the United States's motion to dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

As the court explains below, "[i]n reviewing [a facial Federal Rule of Civil Procedure 12(b)(1) challenge], 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *In re Schering Plough Corp. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)). Accordingly, the court draws the facts in this section from Plaintiffs' complaint and construes those facts in the light most favorable to Plaintiffs.

SNAP is "the primary source of nutrition assistance for low-income Americans." (Doc. 1, ¶ 13 (citing 7 U.S.C. §§ 2011-2036d).) The state and federal governments operate SNAP together. (*Id.* ¶ 16); *see* 7 U.S.C. §§ 2013, 2020(a). Generally, the USDA's Food and Nutrition Service ("FNS") oversees SNAP while state agencies administer the program by "certifying applicant households and issuing EBT cards" among other responsibilities. *See* §§ 2013(a); 2020(a); 7 C.F.R. § 271.3(a) (noting that "[w]ithin the [USDA], FNS acts on behalf of the

Department in the administration of SNAP with the exception of those functions, which may be delegated to other agencies within the Department"). The federal government funds SNAP benefits, but the state and federal governments share SNAP's administrative costs. *See* 7 U.S.C. §§ 2013(a), 2025(a).

State agencies participating in SNAP are subject to a quality control system that focuses on each state agency's "payment error rate."[2] *Id.* §§ 2013(a)(2), 2025(c). The FNS compares the state's payment error rate to a national performance benchmark. *Id.* § 2025(c)(1)(C). If the FNS finds that the state agency's payment error rate likely exceeds that benchmark by a certain percentage for two consecutive fiscal years, it may penalize the state agency. *Id.*

That happened here. On June 28, 2024, Acting Under Secretary for the USDA's Food, Nutrition, and Consumer Services Kumar Chandran informed Arkoosh via letter that DHS's payment error rate exceeded the benchmark to a sanctionable degree for both the 2022 and 2023 fiscal years. (Doc. 1, ¶ 29.) Accordingly, the FNS levied a $39,503,295.00 penalty, a "liability claim" or "quality control sanction," against DHS, and attached a "Notice of Claim/Bill for Collection" to the letter. (*Id.* ¶¶ 29–30; Doc. 1-1, pp. 1–2.)

---

[2] The "payment error rate" is "the sum of the point estimates of an overpayment error rate and an underpayment error rate determined by the Secretary from data collected in a probability sample of participating households." § 2025(c)(2).

DHS appealed that penalty to a USDA ALJ under 7 U.S.C. § 2025(c)(8)(D)(i). (Doc. 1-1, p. 1.) Before the ALJ, DHS argued that changes to FNS Handbook 310 ("FNS Handbook"), §§ 751 and 752, implemented for the 2022 and 2023 fiscal years and then later withdrawn or clarified, incorrectly inflated its payment error rate. (*See* Doc. 1, ¶¶ 35–47 (explaining the changes to the FNS Handbook at issue in this case); Doc. 1-1, pp. 11–12).) Relevant here, it claimed that in making those changes, the USDA and FNS "violated the APA" and created an FNS Handbook that "conflicted with existing regulations," so the penalty against it should be reconsidered. (Doc. 1-1, pp. 11–12.) The ALJ denied the appeal and, in relevant part, "agree[d] with FNS that sections 751 and 752 of the Handbook restate the requirements of the statutes and regulations promulgated under the [Food and Nutrition Act of 2008]." (*Id.* at 13, 23.) He found that he was barred from ruling "on the validity of the changes to section 751 and 752" of the handbook because to do so would be "equivalent to ruling on the validity of the underlying statute and regulations." (*Id.* at 13 (citing 7 C.F.R. § 283.19(c)(2)).)

This action followed. (Doc. 1.) Plaintiffs' one-count complaint alleges the ALJ's denial of DHS's appeal was contrary to law, so they are entitled to relief from the sanction under the APA, 5 U.S.C. § 706(2). (*Id.* ¶¶ 70–88.) Among other allegations, Plaintiffs claim that the changes to the FNS Handbook described above

conflicted with existing federal regulations, and that the USDA made those changes without satisfying APA procedural requirements. (*Id.* ¶ 85.)

On December 1, 2025, the United States filed a motion to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) and an accompanying brief in support. (Docs. 11, 12.) Plaintiffs filed a brief in opposition to the motion on December 22, 2025, Doc. 18, and the United States filed a reply on January 20, 2026, Doc. 21. Thus, the United States's motion is ripe for disposition.

## STANDARD OF REVIEW

The United States seeks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (Doc. 12, p. 15.) Rule 12(b)(1) challenges may be "facial" or "factual." *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "Whether the challenge is facial or factual, however, it is the plaintiff who bears 'the burden of persuasion' to demonstrate the existence of subject matter jurisdiction . . . ." *JTH Tax LLC v. Foster*, 691 F. Supp. 3d 691, 701 (W.D. Pa. 2023) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016) ("[U]nder Rule 12(b)(1), the plaintiff must prove the court has subject matter jurisdiction . . . .").

The United States brings a facial challenge in this instance. (Doc. 12, p. 16.) A facial challenge disputes whether jurisdiction has been properly pleaded and

requires the court to "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (first citing *Mortensen*, 549 F.2d at 891; and then citing *Pens. Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).) The court, in determining whether it has subject-matter jurisdiction on a facial challenge, must decide "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (quoting *Turicentro, S.A. v. Am. Airlines Inc.,* 303 F.3d 293, 300 (3d Cir. 2002)).

## DISCUSSION

The United States construest Plaintiffs' complaint as directly challenging changes to the FNS Handbook. (*See* Doc. 12, pp. 7–8.) It first argues that the court lacks jurisdiction to rule on Plaintiffs' APA claim because, under the APA, the court may only review final agency actions, and neither the FNS Handbook nor the changes made to it qualify as a final agency action. (*Id.* at 17 (quoting 5 U.S.C. § 702).) It claims that the FNS Handbook is not a final agency action because it "lacks any independent force of law and merely restates the position expressed in the federal statute and regulations . . . ." (*Id.* at 18–22.)

Second, the United States argues Plaintiffs' APA claim fails because the FNS Handbook is an interpretive rule and not a legislative or substantive rule. (*Id.* at 22.) Thus, the USDA was not required to go through the notice-and-comment rulemaking process when making changes to the sections of the FNS Handbook at issue. (*Id.* at 22–25.) Third, the United States argues that a comparison between the 2021 and 2024 versions of the FNS Handbook shows the challenged revisions did not "materially alter" the sections of the FNS Handbook at issue here or create conflict with the relevant statutes and regulations, so Plaintiffs' claims should fail. (*Id.* at 25–28.) Specifically, it posits that the FNS Handbook changes that Plaintiffs challenge did not "eliminate[] discretion" in state-agency decision-making and therefore do not qualify as "substantive rule[s]." (*Id.*)

In response, Plaintiffs first argue that the final agency action at issue here is the ALJ's dismissal of DHS's appeal of the quality control sanction, not the FNS Handbook itself. (Doc. 18, p. 14.) They claim a state agency "aggrieved" by an ALJ's final determination of a 7 U.S.C. § 2025(c)(8)(D) appeal may:

> [O]btain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business . . . within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023(a)(13); (Doc. 18, pp. 13–14.). Thus, the final agency action they challenge is the "upholding" of the quality control sanction through the ALJ's

order, not the promulgation of the FNS Handbook changes generally. (*Id.*) And the ALJ's order qualifies as a final agency action because it imposed a penalty on DHS that "immediately and directly affects the parties' legal rights." (*Id.* at 15.) Plaintiffs also claim that they have sufficiently alleged an injury caused by the ALJ's order that would be redressable through a favorable ruling, so their complaint satisfies Article III standing requirements. (*Id.* at 16.)[3]

Second, Plaintiffs argue that they lack another remedy that would allow them to challenge the ALJ's order and the quality control sanction, so APA review is appropriate. (*Id.* at 17 (citing 5 U.S.C. § 704).) Moreover, both 7 U.S.C. § 2023(a) and the ALJ's order contemplate further judicial review of the quality control sanction in this court, so the court has jurisdiction. (*Id.* at 17–18.)

Third, Plaintiffs claim that the FNS Handbook is not "interpretive" because it imposed additional legal obligations on DHS. (*Id.* at 18.) Plaintiffs reiterate that their APA claim challenges the ALJ's order, not the FNS Handbook "in the abstract." (*Id.* at 18–19.) Then, they explain that the FNS Handbook changes imposed new legal obligations on DHS because they conflicted with pre-existing regulatory authority and altered the calculation of DHS's payment error rate. (*Id.*

[3] The United States cites *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) in its brief in support, but it offers no concrete standing or jurisdictional argument apart from its discussion of the final agency action requirement. (Doc. 12, pp. 17–27; Doc. 21, pp. 2–8.) Therefore, the court does not address Plaintiffs' standing in this memorandum.

at 19–23.) In sum, the FNS Handbook changes are not merely interpretive; they alter legal obligations. (*See id.*)

Fourth, Plaintiffs again argue that the FNS Handbook changes altered the regulatory status quo by "modify[ing] agency obligations and procedures in a way that has legal and practical consequences." (*Id.* at 23.) Those changes led to the imposition of the quality control sanction. (*Id.* at 24.) So, Plaintiffs do not challenge the FNS Handbook changes on their own; they challenge them in the context of review of the ALJ's order. (*Id.* at 24–25.) Fifth and finally, Plaintiffs argue that the court must review the ALJ's order to correct the ALJ's "arbitrary and capricious" affirmance of the quality control sanction. (*Id.* at 25–27.)

In reply, the United States again argues that Plaintiffs are "not challenging the ALJ's final decision for any legal or factual errors. Rather, [they are] challenging the [FNS] Handbook itself," and because the FNS Handbook or the changes made thereto are not final agency actions, the court lacks jurisdiction. (Doc. 21, pp. 2–3.) It reiterates its position that the FNS Handbook lacks an independent "force of law" and "merely restates the position expressed in the federal statute and regulations . . . ." (*Id.* at 3–4.) Then, it argues that the challenged sections of the FNS Handbook are consistent with statutory and regulatory authority. (*Id.* at 4–7.) And finally, it again contends that FNS Handbook changes need not be reviewed through a notice-and-comment process

because the FNS Handbook is only interpretive and does not have the substantive effect Plaintiffs allege. (*Id.* at 7–8.)

The court will deny the United States's motion to dismiss for lack of subject matter jurisdiction. The court finds Plaintiffs have established the court's subject matter jurisdiction over their APA claim by bringing a claim under a federal statute and thus invoking this court's subject matter jurisdiction under 28 U.S.C. § 1331. (Doc. 1, ¶ 7 (citing § 1331).) "[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977).[4] Instead, "[j]urisdiction to review agency action under the APA is found in 28 U.S.C. § 1331." *Chrysler Corp. v. Brown*, 441 U.S. 281, 317 n.47 (1979) (citing *Califano*, 430 U.S. at 99); *see AstraZeneca Pharms. LP v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 137 F.4th 116, 122 n.5 (3d Cir. 2025) (noting that the district court had jurisdiction over the plaintiff's claims, which included an APA claim, under 28 U.S.C. §§ 1331, among other statutes). The United States Court of Appeals for the Third Circuit has

[4] *See also Andrus v. Charlestone Stone Prods. Co., Inc.*, 436 U.S. 604, 607 n.6 (1978) (citing *Califano*, 430 U.S. at 107) (noting that the Court had jurisdiction "to review a decision of the Secretary of the Interior" under 28 U.S.C. § 1331(a) and that the APA did not provide an independent basis for jurisdiction); *Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (first citing *Califano*, 430 U.S. at 107; and then citing *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 125 n.11 (3d Cir. 2012)) ("Although it waives sovereign immunity, *see* 5 U.S.C. § 702, and provides several causes of action, *see, e.g.*, *id.* § 706, the Administrative Procedure Act includes no independent grant of subject-matter jurisdiction . . . .")).

recognized that § 1331 "provides federal courts with jurisdiction to review agency actions," and that "[t]he 'final agency action' requirement . . . goes to whether there is a cause of action under the statute that provides for judicial review of a given agency determination." *Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 525 n.10 (3d Cir. 2018) (citing *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 125 n.11 (2012), *abrogation on other grounds recognized in Khalil v. President, U.S.*, 164 F.4th 259, 277 (3d Cir. 2026)) (discussing final agency action based on APA-precedent despite ultimately recognizing that the APA did not apply to the claims at issue).[5]

And so, the court's jurisdiction to review Plaintiffs' APA claim does not depend on whether that claim challenges a final agency action; the court has jurisdiction over the APA claim regardless under 28 U.S.C. § 1331.[6] *See*

[5] *See Chehazeh*, 666 F.3d at 125 n.11 (recognizing that challenges to the APA's final agency action requirement dispute whether the plaintiff has stated a claim under the APA, not whether the court has jurisdiction to review an agency action); *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 399 (3d Cir. 2012) (quoting *Chehazeh*, 666 F.3d at 125 n.11) (explaining that "the judicial review provisions of the APA such as [5 U.S.C. § 704], are not jurisdictional . . ." and recognizing that if the agency action at issue is not a final agency action under § 704, the plaintiff "cannot state a claim under the APA . . .").

[6] The United States claims that the question of whether Plaintiffs challenge a final agency action is a "jurisdictional issue." (Doc. 12, p. 17 (quoting *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 247 (3d Cir. 2011)). In addition to the multiple precedential Third Circuit decisions cited *supra* that held the opposite, the Third Circuit in *Wayne Land* noted that "[s]ometimes the 'final agency action' requirement has been couched in terms of jurisdiction. *See, e.g.*, *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 247 (3d Cir. 2011). But we have noted that that is "'too loose a use of that term.'" 894 F.3d at 525 n.10 (quoting *Chehazeh*, 666 F.3d at 125 n.11)).

*Chehazeh*, 666 at 125 n.11. The existence of a final agency action goes to the merits of Plaintiffs' APA claim. *Id.*; *Treasurer*, 684 F.3d at 399. The Third Circuit continues to recognize this distinction; a panel of the Court held, in a nonprecedential decision, that "*to state a claim* under the APA, the challenged agency action must be a 'final agency action.'" *Kelerchian v. Bureau of Alcohol Tobacco Firearms & Explosives*, No. 20-3065, 2021 WL 2910934, at *4 (3d Cir. July 12, 2021) (quoting *Chehazeh*, 666 at 125 n.11) (finding that the plaintiff and appellant failed to state a claim for relief under the APA when he did not allege that the policy he challenged was a final agency action) (emphasis added).

The court recognizes that other courts have evaluated the final agency action issue under the Rule 12(b)(1) framework. *See Christmas Décor by Crede LLC v. U.S. Dept. Lab.*, No. 2:25-CV-01216, 2026 WL 2943338, at *6–8 and n.6 (W.D. Pa. Sept. 30, 2026).[7] But the Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348 (collecting cases). Even a facial 12(b)(1) challenge "inverts the burden of persuasion" applicable to a

[7] In *Christmas Décor*, the court recognized that the final agency action requirement under the APA "is not itself jurisdictional," but analyzed a challenge to that requirement under Rule 12(b)(1) because the plaintiffs did "not appear to challenge Defendants' characterization of their motion . . ." and because the Third Circuit, in *City of Phila. v. Sec'y U.S. Dep't of Interior*, 179 F.4th 169 (3d Cir. 2026), "implicitly adopted a lower court's approach of analyzing section 704 in connection with the APA's waiver of sovereign immunity (and thus subject-matter jurisdiction) . . . ." 2026 WL 2943338, at 6 n.6. The same situation is not present in this case.

motion to dismiss brought under Rule 12(b)(6). *Id.*; *JTH Tax*, 691 F. Supp. 3d at 701. At its core, the United States's final agency action argument challenges the merits of Plaintiffs' APA claim. (*See* Doc. 12, p. 17.) So, the court will deny the United States's motion to dismiss under Rule 12(b)(1) on that basis. [8]

Beyond its final agency action argument, the United States also claims that the court should dismiss Plaintiffs' APA claim because the FNS Handbook is an interpretive rule and because Plaintiffs mischaracterize the challenged changes to the FNS handbook. (Doc. 12, pp. 22–27; Doc. 21, pp. 4–8.)[9] In general, the United States claims that the challenged FNS Handbook provisions and alterations thereto are not reviewable decisions, and even if they are, they comport with statutory and regulatory authority. (*See id.*) But the United States offers no clear explanation as to how these purported flaws deprive the court of subject matter jurisdiction, even if its arguments might bear on the question of whether Plaintiffs adequately state an APA claim. And as the court explained above, the APA does

[8] Moreover, the United States offers no substantive rebuttal to Plaintiffs' claim that the final agency action they challenge is the ALJ's final order, not the interpretation of the FNS Handbook "in the abstract." (Doc. 18, p. 18; Doc. 12, pp. 17–27; Doc. 21, pp. 2–8.) Nonetheless, the court holds only that 28 U.S.C. § 1331 grants it subject matter jurisdiction to hear Plaintiffs' APA claim. It does not decide whether Plaintiffs have properly challenged a final agency action, nor whether they lacked an alternative adequate remedy at law. (*See* Doc. 18 at 13–18.)

[9] It is not clear to the court whether these additional arguments are part of the United States's final agency action assertion or if they stand apart from that argument. (*See* Doc. 12, p. 8 ("To the extent the Commonwealth is asking this Court to review the validity of the Handbook 310 and any changes made to it, this Court does not have jurisdiction because the Handbook is not a final agency action.").)

not grant the court jurisdiction to review an agency action; 28 U.S.C. § 1331 does, and a claim brought under the APA clearly arises under the laws of the United States. *See Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) ("Vaz alleges that he is entitled to relief under the APA, a federal statute, because the [Executive Office for Immigration Review] failed to perform its duties under federal regulations within a reasonable time. Vaz's APA claim therefore arises under the laws of the United States, and the district court had subject matter jurisdiction.").

## CONCLUSION

For the reasons explained above, the court will deny the United States's Federal Rule of Civil Procedure 12(b)(1) motion to dismiss Plaintiffs' complaint, Doc. 11. An order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 5, 2026